UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RACHAEL CUSHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| ) | NO. _____ |
| v. ) | |
| ) | |
| WXIA-TV ) | |
| d/b/a PACIFIC AND SOUTHERN, LLC, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

Plaintiff Rachael Cushard ("Plaintiff" or "Cushard") files this Complaint against Defendant WXIA-TV d/b/a Pacific and Southern, LLC, ("Defendant") showing the Court as follows:

## INTRODUCTION

1. This civil rights action is brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff was subjected to discrimination based on gender and retaliation. Plaintiff seeks injunctive and equitable relief, back pay and compensatory damages, and punitive damages to remedy these civil rights violations.

1

## PARTIES

2. Plaintiff Rachael Cushard is a resident of Fulton County, Georgia and submits herself to the jurisdiction of this Court.

3. Defendant is a foreign limited liability company doing business in Fulton County, Georgia.

4. At the time of the events of which Plaintiff complains, Defendant conducted business, maintained facilities and derived substantial revenue in the State of Georgia and is subject to the jurisdiction and venue of this Court.

5. Defendant may be served with process by serving a copy of the Complaint and Summons on United Agent Group, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction under Title VII.

7. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant conducts business in this district and division and the unlawful actions and practices were committed within the Northern District of Georgia.

## ADMINISTRATIVE PROCEEDINGS

8. Cushard filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

9. Cushard received a Notice of Right to Sue on December 4, 2024.

10. This civil action is filed in the appropriate federal district court within ninety (90) days of receiving Cushard's Notice of Right to Sue.

## STATEMENT OF FACTS

11. Cushard began working for Defendant in January 2022. She served as a morning news video editor until her termination on March 6, 2024.

12. Cushard reported to Kevin Johnson who served as News Operations Manager.

13. Cushard was the only woman that reported to Johnson on the morning shift. Three women reported to him on the afternoon shift. Upon information and belief, the women on the afternoon shift experienced similar treatment from Johnson that Cushard suffered.

14. From the outset of her employment, Cushard noticed that Johnson treated her differently than he treated the men on her shift. For example, Johnson singled Cushard out for the same or similar mistakes made by her male co-workers. Additionally, Johnson deprived her of career training opportunities that were

afforded to her male co-workers. Cushard believed she was being subjected to a hostile work environment based on her gender.

15. Cushard filed an internal complaint against Johnson with Human Resources on February 29, 2024. She mentioned that male co-workers were treated more favorably than she and she stated that "the male editors on my team do not seem to deal with this type of discrimination." Cushard simply asked to be transferred out from under Johnson's supervision.

16. Cushard met with the Human Resources representative on March 4, 2024 to discuss her complaint.

17. Two days later, on March 6, Johnson fired Cushard.

18. Defendant replaced Cushard with a man.

## COUNT I
## DISCRIMINATION IN VIOLATION OF TITLE VII

12. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

13. Defendant's discrimination against Cushard because of her gender in the terms and conditions of employment violates the statutory provisions and protections of Title VII.

14. As a direct and proximate result of Defendant's violations of Title VII, Cushard has suffered damages, including but not limited to, lost wages, benefits of

employment, garden variety emotional distress, mental anguish, humiliation, pain and suffering.

15. Cushard is threatened with further injury and loss for which she has no plain, adequate or speedy remedy at law.

16. The Complaint seeks, in part, permanent injunctive relief because that is the only means for securing complete relief and ending the continuing irreparable injury resulting from Defendant's violations of civil rights laws.

17. Defendant engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Cushard's rights.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

18. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

19. Cushard engaged in a protected activity by challenging the unlawful practices of Defendant and its officers, employees, and agents.

20. Defendant retaliated against Cushard for challenging its unlawful actions in violation of Title VII.

21. As a direct and proximate result of Defendant's violations of Title VII, Cushard has suffered damages, including but not limited to, lost wages, benefits of

employment, garden variety emotional distress, mental anguish, humiliation, pain and suffering.

22. Defendant engaged in retaliatory practices intentionally and/or with malice and/or with reckless indifference to Cushard's rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cushard respectfully invokes the powers of this Court and prays for the following:

a) That the Court grant trial by jury;

b) That the Court permanently enjoin Defendant from discriminating against Plaintiff on any basis forbidden by Title VII.

c) That the Court issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights to be free from discrimination as provided by Title VII; and that the Court permanently enjoin Defendant from such conduct in the future;

d) That Plaintiff recover from Defendant all amounts available under Title VII, including but not limited to back pay, front pay, compensatory damages, liquidated damages, damages for mental anguish, benefits, and all other damages allowed by law;

e)  That the Court award pre-judgment and post-judgment interest to Plaintiff on any of the above amounts;

f)  That Defendant be ordered to pay to all of Plaintiff's costs and attorney's fees of this action;

g)  That the Court grant such other and further equitable and monetary relief as it deems equitable, just and proper.

Respectfully submitted this 3rd day of March 2025.

                LEGARE, ATTWOOD & RAGAN, LLC

                */s/ Eleanor M. Attwood*
                Eleanor M. Attwood
                Georgia Bar No. 514014
                emattwood@law-llc.com

Decatur Town Center Two
125 Clairemont Avenue, Suite 515
Decatur, GA 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212